IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| KUMAR ASHOK,<br>　　Petitioner,<br><br>v.<br><br>COREY PRICE, ICE Field<br>Director, RONALD D.<br>VITIELLO, Acting Director of<br>Immigration and Customs<br>Enforcement, KEVIN<br>MCALEENAN, Acting<br>Secretary of DHS, and<br>WILLIAM BARR, U.S.<br>Attorney General, in their<br>official capacities,<br>　　Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | EP-19-CV-00160-PRM |

## MEMORANDUM OPINION AND ORDER
## GRANTING SUMMARY JUDGMENT

On this day, the Court considered Petitioner Kumar Ashok's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint" (ECF No. 1) [hereinafter "Petition"] filed on June 12, 2019; Respondents Corey Price, Ronald D. Vitiello, Kevin McAleenan, and William Barr's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (ECF No. 8) [hereinafter "Motion"] filed on August 2, 2019; Petitioner's subsequent "Petition for Writ of Habeas Corpus" (ECF No. 15) [hereinafter "Subsequent Petition"] filed on August 23, 2019;

and Respondents' "Reply to Petitioner's Objection to Respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" (ECF No. 16) [hereinafter "Reply"] filed on August 30, 2019, in the above captioned cause.

United States Immigration and Custom Enforcement [hereinafter "ICE"] currently holds Petitioner at the El Paso Service Processing Center [hereinafter "SPC"] in El Paso, Texas. Pet. 4. Petitioner seeks habeas corpus relief, alleging that the length of his detention violates the pertinent immigration statute and regulations, and substantive and procedural due process pursuant to the Fifth Amendment. Pet. 11–15. In their responsive briefing, Respondents move for a motion to dismiss for lack of subject matter jurisdiction on claims against Respondents Vitiello, McAleenan, and Barr, or in the alternative summary judgment in favor of Respondents Vitiello, McAleenan, Barr and Price. After affording Petitioner's and Respondents' arguments due consideration, the Court concludes that it will grant summary judgment in favor of Respondents because there is a significant likelihood ICE will remove Petitioner in the reasonably foreseeable future.

## I. BACKGROUND

Petitioner is a native and citizen of India. Pet. 5; Mot. 1. He first entered the United States in late July or early August, 2018. Pet. 8; Mot. Attach. D. Petitioner was denied asylum and placed in removal proceedings. Pet. 8; Mot. 2. On December 6, 2018, an Immigration Judge ordered that Petitioner be removed from the United States to India. Pet. 5, 8; Mot. 2. Petitioner waived his right to appeal the removal order. Mot. 2. ICE is holding Petitioner at SPC while he awaits removal. *Id.*

On January 10, 2019, ICE received a travel document for Petitioner from the government of India. Mot. 2. On or about February 8, 2019, several Indian nationals other than Petitioner held at SPC participated in a hunger strike. *See* Subsequent Pet. 2 (indicating Petitioner did not go on hunger strike); Reply 2 (describing annotations for Indian nationals that "generically reflec[t] a hunger strike"). ICE initially scheduled Petitioner for removal on February 8, 2019, with three other Indian nationals, but cancelled the removal because the "other three Indian nationals were not medically cleared to travel," due to the hunger strike.[1]

---

[1]Mot. 2; Reply 2. Respondents first alleged that "[o]n February 8, 2019, Petitioner was not removed to his home country as scheduled because Petitioner was not medically cleared to travel." Mot. 2. But Petitioner's

3

On February 27, 2019, the El Paso Deputy Field Officer Director of ICE, Joe M. Sifuentez, issued a Post Order Custodial Review [hereinafter "POCR"] decision letter regarding Petitioner. Pet. 8; Mot. Attach. C. An officer served Petitioner with the letter on March 7, 2019. Mot. 2. The POCR letter indicated that Petitioner would continue to remain in detention pending travel documents requested from India, and that if Petitioner had not been released or removed from the United States by June 4, 2019, his case would be transferred to ICE's Headquarters Removal and International Unit [hereinafter "HQRIO"]. Mot. Attach. C.

In late March, 2019, Petitioner's original travel document expired before ICE could place him on a charter flight for removal to India. Mot. 2. ICE Deportation Officer Jorge Zuzunagha then requested new travel documents on March 27, 2019. Reply Ex. 2 at 2. Officer Zuzunagha personally sent communications to an Indian government representative regarding this request on May 16, 2019. *Id.* The

---

medical checkup on February 7, 2019, indicated he "was in perfect health," and Petitioner asserts that he "never went on hunger strike." Subsequent Pet. 2. Respondents now clarify that they "incorrectly reported that in February 2019, Petitioner was not removed as scheduled . . . because Petitioner was not medically cleared to travel." Reply 2. Respondents attribute their error to an annotation in Petitioner's record indicating a hunger strike related to the other Indian nationals scheduled to be removed with Petitioner. *Id.*

4

government of India responded to this communication on May 20, 2019, acknowledging receipt. *Id.* at 3. Therein, a government representative stated the travel request remained pending, but gave no indication on when it would be approved. *Id.*

On June 5, 2019, ICE HQRIO Chief Nicole D. Wright issued a 180-day "Decision to Continue Detention" POCR letter regarding Petitioner. Mot. Attach. D. An officer served Petitioner with the letter on June 17, 2019. Mot. 2. The letter indicated that Petitioner would remain in ICE Custody because "ICE is currently working with the government of India to secure a travel document for your removal from the United States," and that "[a] travel document is expected." Mot. Attach. D.

Subsequently, Officer Zuzunagha sent five additional communications to the government of India requesting Petitioner's new travel document. Reply Ex. 2 at 3. The government of India replied to four of these communications, each time acknowledging receipt, indicating the request remained pending, and failing to indicate when the request would be approved. *Id.* On or before September 24, 2019, ICE received Petitioner's new travel document from the government of India. Advisory to Ct., Sept. 24, 2019, ECF No. 17 at 2.

## II. LEGAL STANDARD

A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute regarding a material fact exists if there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

In a motion for summary judgment, "[t]he moving party bears the initial burden of showing that there is no genuine issue for trial; it may do so by 'point[ing] out the absence of evidence supporting the nonmoving party's case.'" *Nat'l Ass'n of Gov't Emps.*, 40 F.3d 698, 712 (5th Cir. 1994) (quoting *Latimore v. Smithkline French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990)). If the moving party has satisfied its initial burden, the nonmovant must then come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' *Matsushita*, 475 U.S. at 586, 'conclusory allegations,' *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888

(1990), 'unsubstantiated assertions,' *Hopper v. Frank,* 16 F.3d 92 (5th Cir. 1994), or only a 'scintilla' of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir. 1994)." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

A court conducting a summary judgment analysis must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986). Thus, a court should "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little,* 37 F.3d at 1075. A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* (citing *Lujan,* 497 U.S. at 888).

A habeas corpus petitioner must show that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir. 2000).

## III. DISCUSSION

Respondents move for the Court to dismiss claims against Respondents Vitiello, McAleenan, and Barr, or in the alternative grant summary judgment on claims against Respondents Vitiello, McAleenan, Barr, and Price. As an initial matter, the Court determines it has jurisdiction to adjudicate Petitioner's claim. The Court notes that Vitiello, McAleenan, and Barr are not proper Respondents in this case, but declines to grant these Respondents' motion to dismiss for lack of subject matter jurisdiction. Instead, the Court is of the opinion that summary judgment should be granted in favor of all Respondents because there is a significant likelihood ICE will remove Petitioner from the United States in the reasonably foreseeable future.

### A. The Court's Jurisdiction to Adjudicate Petitioner's Claims

Before addressing the merits of Petitioner's arguments, the Court will first address its jurisdiction to adjudicate Petitioner's claims. The REAL ID Act divests district courts of jurisdiction to hear 28 U.S.C. § 2241 petitions attacking removal orders. *Rosales v. Bureau of Immigration and Customs Enf't*, 426 F.3d 733, 735–36 (5th Cir. 2005).

"Nonetheless, the REAL ID Act left intact a district court's ability to adjudicate an alien's claim regarding the constitutionality of his continued detention." *See Abdulle v. Gonzales*, 422 F.Supp.2d 774, 776 (W.D. Tex. 2006) (citing *Gul v. Rozos*, 2006 WL 140540 at *1 (5th Cir. 2006)). Therefore, given that Petitioner is challenging his continued detention as opposed to the validity of his removal order, the Court has jurisdiction to adjudicate Petitioner's claims.

B. **Proper Respondent**

Respondents argue that Respondent Price is the only proper respondent because he serves as the Field Office Director of the detention facility where Petitioner is currently detained. Mot. 3. Thus, Respondents contend that the Court should dismiss Respondents Vitiello, McAleenan, and Barr pursuant to Rule 12(b)(1). Mot. 3–4. The Court concludes that because it is granting summary judgment in favor of Respondents, a detailed determination of the proper respondent in this case is unnecessary.

However, the Court notes that "the proper respondent to a habeas petition is "the person who has custody over the petitioner." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). "[T]here is generally only one proper

respondent to a given prisoner's habeas petition . . . 'the person' with ability to produce the prisoner's body before the habeas court." *Id.* Thus, the proper Respondent in this case is likely Field Director Corey Price because he supervises SPC, where Petitioner is detained. In contrast, Respondents Vitiello, McAleenan, and Barr are likely improper Respondents and can be characterized as "remote supervisory official[s]." *Id.* at 435.

### C. Post-Order Detention

Petitioner alleges that (1) he is being detained in violation of "applicable law [and] regulations," and (2) his continued detention violates substantive and procedural due process. Pet. 11–15. The Court is of the opinion that Petitioner's arguments fail and summary judgment should be granted in favor of Respondents for the reasons set forth below.

1. <u>Statutory Framework and Regulations</u>

The statutory provision governing the removal process for an inadmissible alien is 8 U.S.C. § 1231. Pursuant to § 1231(a)(1)(A), the Attorney General has ninety days to remove an alien from the United States after a final order of removal has been rendered. During the ninety-day removal period, the Attorney General shall detain the alien.

§ 1231(a)(2). Once the ninety-day removal period expires, the Attorney General has the discretion to continue to detain aliens to effectuate their removal. *See* § 1231(a)(6) (allowing Attorney General to continue to detain inadmissible aliens, specific categories of removable aliens, or aliens deemed dangerous or unlikely to comply with an order of removal); *Demore v. Kim*, 538 U.S. 510, 527 (2003) (holding that an "alien may be detained beyond the removal period in the discretion of the Attorney General") (internal quotations omitted).

Federal regulations elaborate on the custody review procedures for detaining an alien beyond the ninety-day removal period. If an alien's removal cannot be accomplished during the ninety-day removal period, ICE's district director or Field Office Director must conduct a POCR before the removal period expires. 8 C.F.R. § 241.4(k)(1)(i). In conducting the POCR, officials review the alien's records and all documents submitted by the alien, and the Director decides whether the alien will remain in custody. § 241.4(h). If the alien is not thereafter removed or released from custody within three months of the POCR, the alien's case will transfer to a national ICE official for a second review. § 241.4(k)(2).

If the "removal of a detained alien is not significantly likely in the reasonably foreseeable future," ICE must ordinarily release the detainee under supervision. § 241.4(i)(7). However, there are specific circumstances when ICE is not required to release these detainees, such as when a detainee is a security or health risk. *See* § 241.14 (providing for the "continue[d] detention of particular removable aliens on account of special circumstances even though there is no significant likelihood that the alien will be removed in the reasonably foreseeable future.").

2. Substantive and Procedural Due Process

"The Fifth Amendment's Due Process Clause forbids the Government to depriv[e] any person of liberty without due process of law." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). In *Zadvydas*, the Supreme Court reasoned that the Immigration and Nationality Act did not allow for the indefinite detention of a removable alien because such a statute "would raise a serious constitutional problem." *Id.* at 690. It then concluded that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The Supreme Court also held that a sixth-month period of detention following a final order of removal is presumptively reasonable. *Id.* at 701.

> After this [six]-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for the detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This [six]-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

In *Clark v. Martinez*, the Supreme Court extended its *Zadvydas* holding to aliens in the first category of § 1231(a)(6) (i.e., inadmissible or criminal aliens). 543 U.S. 371, 378 (2005). Thus, "the [Clark] decision makes clear that the holding of *Zadvydas*, and consequently the presumptive six-month reasonable removal period, applies uniformly to all categories of aliens covered by the statute." *Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008).

3. Analysis

In the case at bar, the Court concludes that ICE has not detained Petitioner in violation of the law, and Petitioner's continued detention does not violate procedural and substantive due process. Accordingly, the

13

Court is of the opinion that summary judgment should be granted in favor of the Respondents.

Petitioner's continued detention meets the statutory requirements of 8 U.S.C. § 1231 and applicable federal regulations. An administrative judge ordered Petitioner removed to India on December 6, 2018, and this decision became final when Petitioner failed to appeal. Mot. 2. ICE then lawfully detained the Petitioner for ninety days after the final removal order. As an illegal entrant to the United States who was ordered removed, Petitioner is an inadmissible alien and may be detained beyond the original ninety-day removal period pursuant to 8 U.S.C. § 1231(a)(6). *See* 8 U.S.C. § 1182 (providing that "[a]n alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible"). ICE also conducted timely ninety-day and 180-day POCR reviews, pursuant to applicable federal regulations.

Furthermore, ICE has not detained Petitioner in violation of 8 C.F.R. § 241.14. Section 241.14 provides that ICE may detain only particular categories of aliens for whom future removal is not likely. But the regulation only applies to aliens who have no significant likelihood of

removal. As discussed below, Petitioner has failed to establish that there is no significant likelihood that he will be removed in the foreseeable future. Accordingly, it is not relevant that the "special circumstances" allowing for continued detention pursuant to the regulation do not apply here. 8 C.F.R. § 241.14.

Petitioner's procedural due process claims similarly fail because ICE detained Petitioner pursuant to applicable statutes and regulations. An immigration judge ordered Petitioner removed, Petitioner failed to file an appeal, and ICE provided Petitioner with ninety- and 180-day POCR reviews during his detention. Only violations of these procedural safeguards would have raised to the level of a procedural due process violation. *See Bonitto v. Bureau of Immigration & Customs Enf't*, 547 F. Supp. 2d 747, 757-58 (S.D. Tex. 2008) (holding that ICE violated petitioner's right to procedural due process by missing a 180-day review by three months).

Petitioner's continued detention does not violate substantive due process because there is a significant likelihood ICE will remove Petitioner in the reasonably foreseeable future. While *Zadvydas* instituted a sixth-month period of presumptive reasonableness for an

alien's detention following a removal order, it also established that an alien is not entitled to immediate release once the sixth-month mark passes. *Zadvydas*, 533 U.S. at 701. Therefore, there is no violation of due process because "[t]he presumptively reasonable period of six months has expired." Pet. 14.

Beyond the presumptive six-month detention period, *Zadvydas* establishes that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Petitioner bears the initial burden to meet this standard. *See id.*; *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Here, the Petitioner indicates that (1) he has been detained for more than eight months, (2) his continued detention was not due to his medical status, as first alleged by Respondents, and (3) India has refused to issue or accept his travel documents since at least June 6, 2019. Pet. 9; Subsequent Pet. 2, 4. Drawing all inferences in favor of the non-moving party, the Court concludes that Petitioner meets his initial burden. Therefore, the Court examines Respondents' evidence.

16

Considering Respondents' evidence, the Court concludes that Petitioner is significantly likely to be removed in the reasonably foreseeable future. ICE recently obtained travel documents for Petitioner on or before September 24, 2019. Advisory to Ct. 2. Obtaining travel documents is strong evidence of a significant likelihood of removal in the reasonably foreseeable future. *See Adefemi v. Gonzales*, 228 F. App'x 415, 416 (5th Cir. 2007) (denying immigration detainee's § 2241 petition when a travel document had been issued in the past, but was not current); *Mohammad v. Lynch*, No. EP-16-CV-28-PRM, 2016 WL 8674354, at *7 (W.D. Tex. May 24, 2016) (granting summary judgment for Government when a current travel document had been issued). In addition, as of August 30, 2019, ICE had successfully removed the three Indian nationals originally scheduled for removal with Petitioner, raising the likelihood ICE will soon remove Petitioner. Reply Ex. 2 at 3. Furthermore, Officer Zuzunagha contacted the government of India six times about the status of Petitioner's travel documents, demonstrating ICE's intent to expeditiously remove Petitioner. *Id.* Accordingly, the Court concludes summary judgment should be granted in favor of Respondents.

The Court is mindful that "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701. Petitioner's post-removal detention period has now lasted for nearly ten months due to ICE's administrative and logistical delays. Continued, prolonged detention of Petitioner without removal would raise serious constitutional concerns. Therefore, the Court is of the opinion that Petitioner's claims against Respondent Price should be dismissed without prejudice.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Respondents' motion for summary judgment, as pleaded in Respondents' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner Kumar Ashok's "Petition for Writ of Habeas Corpus" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**FINALLY, IT IS ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this 26 day of September, 2019.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE